# Exhibit 1

# Documents Filed in State Court Action

SULLIVAN LAW
J. D. Sullivan, Esq., NV Bar No. 5516
jd@mindenlaw.com
1625 State Route 88, Suite 401
Minden, Nevada 89423
TEL: (775) 782-6915
FAX: (775) 782-3439

CHAIKEN & CHAIKEN, P.C.
ROBERT L. CHAIKEN, ESQ., TX Bar No. 04057830
rchaiken@chaikenlaw.com
5717 Legacy Drive, Suite 250
Plano, TX 75024
Phone: (214) 265-0250
Fax:     (214) 265-1537
(Pending Admission Pro Hac Vice)

IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR CARSON CITY

| | |
|---|---|
| BRENT ROERING and SHELLY ROERING, husband and wife, | CASE NO.:22TRT000451B |
| Plaintiffs, | DEPT. NO.: I |
| vs. | **NOTICE OF DISASSOCIATION OF COUNSEL** |
| HARLEY-DAVIDSON, INC., a Delaware corporation; HARLEY-DAVIDSON, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR CO., INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY OPERATIONS, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, a Wisconsin limited liability company; GLIDE-PRO, INC., a California corporation; SPIRIT AMERICA, INC. dba True-Track aka True-Track, Inc., a Wyoming corporation, and DOES 1-100, | |
| Defendants. | |

FILED
2022 SEP 26 PM 4:52
AUBRE[...]
BY_____
DEPUTY

1

TO ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that attorney Gene M. Kaufmann, formerly of SULLIVAN LAW, has disassociated from the firm and is no longer associated counsel of record, or of counsel, in this action for Plaintiffs BRENT ROERING and SHELLY ROERING. Counsel J. D. Sullivan of SULLIVAN LAW and Robert Chaiken of CHAIKEN & CHAIKEN, P. C. remain counsel of record in the above-captioned matter.

Dated: September 26, 2022        SULLIVAN LAW
                                 CHAIKEN & CHAIKEN, P.C.

                                 By: _____
                                     J. D. Sullivan
                                     Attorneys for Plaintiffs


**AFFIRMATION PURSUANT TO NRS 239B.030**

I, J. D. Sullivan, affirm that the pleading(s) and/or document(s) that I am now presenting to the court in the above-entitled action, do not, to the best of my knowledge, contain any Social Security Number information that is in violation of NRS 239B.030.

Dated: September __, 2022        SULLIVAN LAW
                                 CHAIKEN & CHAIKEN, P.C.

                                 By: _____
                                     J. D. Sullivan
                                     Attorneys for Plaintiffs

2

PROOF OF SERVICE BY MAIL

I, Lisa Apple, declare: That I am over 18 years old, not a party to the within action, and am a citizen of the United States. My address is 1625 Highway 88, Suite 401, Minden, Nevada 89423. That on September 26, 2022, I served the document entitled: NOTICE OF DISASSOCIATION OF COUNSEL, by placing a true and correct copy of said document in the United States mail, with first class postage fully prepaid thereon, at Minden, Nevada, addressed as follows:

Brent and Shelly Roering
2937 Collier Court
Carson City, NV  89703


Gene M. Kaufmann
Law Office of Gene M. Kaufmann
1591 Mono Avenue
Minden, NV  89423

I declare under penalty of perjury that the foregoing is true and correct and that this declaration is made at Minden, Nevada.

Dated:       September 26, 2022        *Lisa Apple* (signature)
Lisa Apple
SULLIVAN LAW

3

REC'D & FILED
2022 SEP -8 PM 4: 21

AUBREY ROWLATT
BY _____ DEPUTY

**FIRST JUDICIAL DISTRICT COURT**
**885 EAST MUSSER ST SUITE 3031**

Receipt Number  **76103**                Receipt Date  **09/08/2022**

Case Number  **22 TRT 00045 1B**

Description  **ROERING, BRENT et al   VS. HARLEY-DAVIDSON INC. et al**

Received From  **SULLIVAN LAW**

|                | |
|---|---|
| Total Received | 320.00 |
| Net Received   | 320.00 |
| Change         | 0.00 |

Receipt Payments       Amount    Reference  Description
CHECK                  320.00    15596

Receipt Applications   Amount
HOLDING                320.00

Balance Due    295.00

Comments:

Deputy Clerk:   1BPETERSON    Transaction Date:  09/08/2022
                                                 16:18:06.65

SULLIVAN LAW, APC
J. D. SULLIVAN, ESQ., NV Bar No. 5516
jd@mindenlaw.com
Of Counsel
GENE M. KAUFMAN, ESQ., NV Bar No. 6704
gene@mindenlaw.com
1625 Hwy. 88, Suite 401
Minden, NV 89423
Phone:  (775) 782-6915
Fax:      (775) 782-3439

CHAIKEN & CHAIKEN, P.C.
ROBERT L. CHAIKEN, ESQ., TX Bar No. 04057830
rchaiken@chaikenlaw.com
5717 Legacy Drive, Suite 250
Plano, TX  75024
Phone:  (214) 265-0250
Fax:      (214) 265-1537
(Pending Admission Pro Hac Vice)

REC'D & FILED

2022 SEP -8  PM 4: 17

AUBREY ROWLATT
BY_____ DEPUTY

IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR CARSON CITY

| | |
|---|---|
| BRENT ROERING and SHELLY ROERING, husband and wife,<br><br>           Plaintiffs,<br><br>vs.<br><br>HARLEY-DAVIDSON, INC., a Delaware corporation; HARLEY-DAVIDSON, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR CO., INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY OPERATIONS, INC., a Wisconsin corporation;  HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, a Wisconsin limited liability company; GLIDE-PRO, INC., a California corporation;  SPIRIT AMERICA, INC. dba True-Track aka True-Track, Inc., a Wyoming corporation, and DOES 1-100,<br><br>           Defendants.<br>_____ | CASE NO.: 22 TRT 00045 1B<br><br>DEPT. NO.: I<br><br>**DEMAND FOR JURY TRIAL** |

1

Come now Plaintiffs and hereby demand trial by jury of all issues so triable herein.

Dated: September 8, 2022

SULLIVAN LAW, APC
CHAIKEN & CHAIKEN, P.C.

By: _/s/ J. D. Sullivan_____
J. D. Sullivan
Attorneys for Plaintiffs

## AFFIRMATION PURSUANT TO NRS 239B.030

I, J. D. Sullivan, affirm that the pleading(s) and/or document(s) that I am now presenting to the court in the above-entitled action, do not, to the best of my knowledge, contain any Social Security Number information that is in violation of NRS 239B.030.

Dated: September 8, 2022

SULLIVAN LAW, APC
CHAIKEN & CHAIKEN, P.C.

By: _/s/ J. D. Sullivan_____
J. D. Sullivan
Attorneys for Plaintiffs

SULLIVAN LAW
J. D. SULLIVAN, ESQ., NV Bar No. 5516
jd@mindenlaw.com
Of Counsel
GENE M. KAUFMAN, ESQ., NV Bar No. 6704
gkaufmann@mindenlaw.com
1625 Hwy. 88, Suite 401
Minden, NV 89423
Phone: (775) 782-6915
Fax:   (775) 782-3439

CHAIKEN & CHAIKEN, P.C.
ROBERT L. CHAIKEN, ESQ., TX Bar No. 04057830
rchaiken@chaikenlaw.com
5717 Legacy Drive, Suite 250
Plano, TX 75024
Phone: (214) 265-0250
Fax:   (214) 265-1537
(Pending Admission Pro Hac Vice)

REC'D & FILED

2022 SEP -8  PM 4:04

AUDREY ___ ATT

BY_____

## IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

## IN AND FOR CARSON CITY

| | |
|---|---|
| BRENT ROERING and SHELLY ROERING, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>HARLEY-DAVIDSON, INC., a Delaware corporation; HARLEY-DAVIDSON, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR CO., INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY OPERATIONS, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, a Wisconsin limited liability company; GLIDE-PRO, INC., a California corporation; SPIRIT AMERICA, INC. dba True-Track aka True-Track, Inc., a Wyoming corporation, and DOES 1-100,<br><br>Defendants. | CASE NO.: 22TRT00645 1B<br><br>DEPT.: I<br><br>**COMPLAINT FOR DAMAGES FOR NEGLIGENCE, PRODUCT LIABILITY, AND LOSS OF CONSORTIUM** |

1

Come now Plaintiffs, by and through their attorneys, and allege against defendants, as follows:

## PREFACE

This product liability case involves a serious Harley-Davidson motorcycle accident, which occurred when the infamous Harley-Davidson "death wobble" caused plaintiff Brent Roering ("Brent") to lose control of his motorcycle, resulting in medical bills totaling over $600,000 to date. Before the accident, Brent had purchased and installed after-market motorcycle parts - which were supposed to cure the "death wobble" - but clearly failed to do so. Brent's wife, Shelly Roering, ("Shelly") has suffered loss of consortium with Brent, due the serious nature of his injuries and the impact on their relationship. The consequences of this accident have been disastrous for both Brent and Shelly. This action is filed to hold defendants accountable.

## PARTIES AND JURISDICTION

1. At the time of the accident, Plaintiffs, Brent and Shelly resided in Carson City, Nevada. Each are citizens of the State of Nevada and this accident occurred in Nevada.

2. On information and belief, defendant Harley-Davidson, Inc. dba Harley-Davidson Motor Company is a corporation organized under the laws of the State of Delaware, and is a separate corporation organized under the laws of the State of Wisconsin, with each of these corporations having their principal place of business in the State of Wisconsin, and doing business in the State of Nevada.

3. On information and belief, Defendant Harley-Davidson Motor Co., Inc. dba Harley-Davidson Motor Company is a corporation organized under the laws of the State of Wisconsin, with its principal place of business in the State of Wisconsin, and doing business in the State of Nevada.

4. On information and belief, Defendant Harley-Davidson Motor Company Operations, Inc. dba Harley-Davidson Motor Company is a corporation organized under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin and

doing business in the State of Nevada.

5. On information and belief, Defendant Harley-Davidson Motor Company, Inc. dba Harley-Davidson Motor Company is a corporation organized under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin, and doing business in the State of Nevada.

6. On information and belief, defendant Harley-Davidson Motor Company Group, LLC dba Harley-Davidson Motor Company is a limited liability company organized under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin, and doing business in the State of Nevada, with its sole member being defendant Harley-Davidson, Inc., either the Delaware corporation or the Wisconsin corporation, as discussed above.

7. The above-identified defendants are collectively referred to below as the "Harley Defendants."

8. On information and belief, defendant Glide-Pro, Inc. ("Glide-Pro") is a corporation organized under the laws of the State of California which sells its products online and does business in the State of Nevada, shipping its products to Nevada.

9. On information and belief, Defendant Spirit America, Inc. dba True-Track, Inc. aka True-Track ("True-Track") is a corporation organized under the laws of the State of Wyoming, with its principal place of business in the State of California, which sells its products online and does business in the State of Nevada, shipping its products to Nevada.

10. The true names and/or capacities of defendants DOES 1-100 are unknown to plaintiffs who, therefore, cannot identify them at this time, and therefore sue these defendants by such fictitious names. When their true identities and/or capacities are ascertained, plaintiffs will seek leave of court to amend this complaint to reflect same. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously named defendants is responsible in some manner for the acts and failures to act giving rise to liability hereinafter alleged and that such acts and failures to act proximately caused, or threaten to cause, the injuries, loss and damages to plaintiffs as alleged.

3

11.	Plaintiffs are informed and believe and based thereon allege that each of the defendants is, and at all times herein mentioned was, the agent, servant, employee, and/or joint venturer, of each of the remaining defendants, and each of the acts or failures to act of each of the defendants as herein alleged was within the course and scope of each such defendant's authority as such agent, servant, employee, and/or joint venturer, with the permission, consent, knowledge, prior authorization, and subsequent ratification of each of the remaining co-defendants, all proximately resulting in damages to plaintiffs, in the manner described herein.

12.	This court has general jurisdiction over accidents, like this one, which, 1) occurred in Nevada, 2) resulted in serious injuries to Nevada citizens, and, 3) was caused by defendants doing business in Nevada and selling defective products which injured Nevada citizens.

## FACTS

13.	For many years, various high-end Harley-Davidson touring motorcycles have experienced what is commonly referred to as a "death wobble" wherein the motorcycle begins to wobble, exhibiting instability at higher but foreseeable speeds, and becomes difficult to handle and maneuver, ultimately causing a complete loss of control. This is a defect in the design, manufacture, and marketing of said motorcycles as set forth below. The 2015 CVO Street Glide Special model, subject of this Complaint, is one such defective motorcycle.

14.	Brent is an experienced, long-time motorcycle rider and Harley-Davidson aficionado. In or about February 2016, he purchased a 2015 Harley-Davidson CVO Street Glide Special FLHXSE Model motorcycle, VIN 1HD1PXN12FB955663, (the "Motorcycle" or "Harley") from a private party. Brent routinely utilized his Harley and maintained said Motorcycle in excellent condition. Nevertheless, at various times Brent began to experience this "wobble" sensation and instability when operating his Motorcycle at highway speeds. This concerned him. As a result, he began to investigate and seek out solutions to the problem. He even spoke with one or more Harley-Davidson dealership personnel about the problem. Ultimately, Brent was directed to implement two different after-model products ostensibly designed to reduce and/or eliminate the wobble and resulting instability problem.

4

15. In or around 2016 or 2017, he purchased and installed True-Track's Touring stabilizer, Model #20-00-09. In or around August, 2020, he installed the Glide-Pro Stabilizing System, (GP-2311 Set) which he had purchased from Glide-Pro around June 2020. The use of these after-market products was highly foreseeable and well known to Harley-Davidson as potential solutions for its "death wobble" defect problems.

16. On September 11, 2020, Brent was operating his Motorcycle eastbound on U.S. Route 50 in Nevada when the Motorcycle began to wobble, resulting in Brent losing control and being thrown from the Motorcycle. Multiple witnesses reported that as Brent was rounding a curve at approximately 60 mph, his Motorcycle began to shake and wobble causing him to lose control and crash violently. As a result of the crash, Brent suffered significant injuries.

17. The Defendants herein have all caused, jointly and severally, the injuries to Brent and the resulting loss of consortium injuries to his wife.

### FIRST CAUSE OF ACTION

**(Negligence, Strict Liability-Product Liability Against Harley Defendants)**

18. Plaintiffs reallege paragraphs 1 through 17 above, as if expressly set forth herein, and incorporate same by reference.

19. The Harley Defendants singularly or in combination designed, manufactured, assembled, marketed and/or otherwise placed in the stream of commerce, the Motorcycle which was being driven by Brent at the time of the accident.

20. The Motorcycle was defectively designed and/or manufactured and unreasonably dangerous because it failed to incorporate features which would limit and/or prevent the kind of wobbling and instability experienced by Brent.

21. In addition to the duty to properly and reasonably design, manufacture and market the Motorcycle, the Harley Defendants singularly or in combination had a duty to safely test, promote and/or market its motorcycles and to provide adequate warnings, instructions and guidelines to users of its motorcycles and to warn and advise of the potential for this kind of an instability and resulting injury to occur, and negligently failed to do so. As a result of this ongoing

5

problem and the extent of same, it became foreseeable and even expected that end users of these touring bikes would utilize and install aftermarket modifications intended to stabilize the handling of these bikes such as what has occurred herein. At all times material, Brent was operating his Motorcycle in a manner that was intended by the Harley Defendants in terms of speed, terrain and the use of any modifications.

22. The foregoing negligent acts and/or omissions of the Harley Defendants were a producing and/or the proximate cause of the accident herein and the resulting damages. Moreover, the Harley Defendants are liable to the Plaintiffs pursuant to the concept of strict liability as discussed in §402(A) and (B) of the Restatement (2nd) of Torts.

23. Further, at a time prior to the occurrence herein, the Harley Defendants knew or in the exercise of reasonable diligence, should have known that an injury of this nature could occur in the normal and foreseeable use of its motorcycles. However, the Harley Defendants recklessly failed to respond, correct and/or act on such knowledge by providing further instructions and/or warnings in connection with the product or in failing to conduct a recall or retrofit campaign to fix the problem. This outrageous conduct rises to a level such that the Plaintiffs are entitled to recover exemplary damages.

## SECOND CAUSE OF ACTION

**(Negligence, Strict Liability-Product Liability Against Glide-Pro and True-Track)**

24. Plaintiffs reallege paragraphs 1 through 23 above, as if expressly set forth herein and incorporate same by reference.

25. Defendant Glide-Pro designed, manufactured, assembled, marketed and/or otherwise placed in the stream of commerce, the Glide-Pro Stabilizing System which was installed on the Motorcycle being driven by Brent.

26. Defendant True-Track designed, manufactured, assembled, marketed and/or otherwise placed in the stream of commerce, the stabilizing system which was installed on the Motorcycle being driven by Brent.

27. The Glide-Pro and True-Track stabilizing systems were defectively designed and/or manufactured, and unreasonably dangerous because they failed to limit and/or prevent the kind of wobbling and instability experienced by Brent – the very wobble they were sold to prevent.

28. In addition to the duty to properly and reasonably design, manufacture and market its stabilizing systems, Defendants Glide-Pro and True-Track had a duty to safely test, promote and/or market their stabilizing systems and to provide adequate warnings, instructions and guidelines to users of its stabilizing systems, like Brent, and to warn and advise of the potential for this kind of an injury to occur, and negligently failed to do so.

29. The foregoing negligent acts and/or omissions of Defendants Glide-Pro and True-Track were a producing and/or proximate cause of the occurrence herein and the resulting damages. Moreover, Defendants Glide-Pro and True-Track are liable to the Plaintiffs pursuant to the concept of strict liability as discussed in §402(A) and (B) of the Restatement (2nd) of Torts.

### THIRD CAUSE OF ACTION

**(Loss of Consortium and Property Damage Against All Defendants)**

30. Plaintiffs reallege paragraphs 1 through 29 above, as if expressly set forth herein, and incorporate same by reference.

31. By reason of said negligence, product liability, and accident, as aforesaid, and as a direct and proximate result thereof, Shelly has suffered and continues to suffer loss of consortium, society, companionship, natural and physical affection due to the serious injuries suffered by her husband Brent; plaintiffs also have suffered property damage and are entitled to recover all compensable damages.

### DAMAGES

32. Plaintiffs reallege paragraphs 1 through 31 above, as if expressly set forth herein, and incorporate same by reference.

33. As a further direct, and proximate cause or result of the Defendants' conduct described herein, Brent is entitled to recover damages for the injuries he received which greatly

impaired his health, strength, and activity, and caused him great mental, conscious physical and nervous pain and suffering, in the past and in the future, and shock to his nervous system, damaged earning capacity, and loss of wages, loss of enjoyment of life, mental pain and anguish in the past and in the future, impairment and disfigurement, plus reasonable and necessary medical expenses in the past and in the future.

34.  In addition, Shelly is entitled to recover damages for mental anguish, loss of consortium, and all other personal damages she has incurred as a result of the injuries to her husband Brent.

35.  Plaintiffs also seek punitive damages against the Harley Defendants for their outrageous recklessness in knowing of the "death wobble" and failing to warn of or recall the motorcycles sold with this problem, in particular, the subject Motorcycle herein, the Owner's Manual of which did not warn of said wobble danger.

WHEREFORE, plaintiffs pray for judgment against the defendants as follows:

   A. General damages in excess of $15,000.00.
   B. Special damages.
   C. Exemplary and punitive damages.
   D. Costs of suit, expenses, and reasonable attorney's fees.
   E. Prejudgment and post judgment interest and costs.
   F. Such other and further relief as the court may deem just and proper in the premises.

///
///
///
///
///
///

8

Dated: September 8, 2022

SULLIVAN LAW
CHAIKEN & CHAIKEN, P.C.

By: _____
J. D. Sullivan
Attorneys for Plaintiffs

## AFFIRMATION PURSUANT TO NRS 239B.030

I, J. D. Sullivan, affirm that the pleading(s) and/or document(s) that I am now presenting to the court in the above-entitled action, do not, to the best of my knowledge, contain any Social Security Number information that is in violation of NRS 239B.030.

Dated: September 8, 2022

SULLIVAN LAW
CHAIKEN & CHAIKEN, P.C.

By: _____
J. D. Sullivan
Attorneys for Plaintiffs