

UNITED STATES DISTRICT COURT

FOR THE STATE OF NEVADA

| | |
|---|---|
| BRENT ROERING and SHELLY ROERING, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>HARLEY-DAVIDSON, INC., a Delaware corporation; HARLEY-DAVIDSON, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR CO., INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY OPERATIONS, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, a Wisconsin limited liability company; GLIDE-PRO, INC., a California corporation; SPIRIT AMERICA, INC. dba True-Track aka True-Track, Inc., a Wyoming corporation, and DOES 1-100,<br><br>                     Defendants. | CASE NO.: 3:22-cv-00549-ART-CSD<br><br>**PROTECTIVE ORDER** |

THIS CAUSE having come before this court on the 2nd day of October, 2023, on the Protective Order which Defendant Harley-Davidson Motor Company Group, LLC, incorrectly sued as Harley-Davidson, Inc., a Delaware corporation; Harley-Davidson, Inc., a Wisconsin corporation; Harley-Davidson Motor Co., Inc., a Wisconsin corporation; Harley-Davidson Motor Company Operations, Inc., a Wisconsin corporation; and Harley-Davidson Motor Company, Inc., a Wisconsin corporation ("Harley-Davidson") requests to be entered to govern the disclosure of certain documents and materials produced or to be produced by the parties in the course of discovery of this action. Any documents or material deemed confidential pursuant to this protective order introduced at any hearing or trial in this action shall also be afforded the same confidential

protections as set forth herein unless otherwise ordered by this Court at the final pre-trial conference. The Court being of the opinion that this Order should be entered, it is hereby

ORDERED AND ADJUDGED:

That the following Protective Order be entered with respect to information provided in discovery in connection with the above-captioned matter:

1. This Protective Order shall govern the handling of any information produced or disclosed by any party or non-party (the "Producing Party") in this action to any other party (the "Receiving Party") in this action, including, without limitation, any document (whether in hard copy or computer readable form), thing, deposition testimony, deposition exhibit, interrogatory responses, responses to requests for admission, or other information provided in discovery in this action, and all information derived therefrom (all such information shall hereinafter be referred to as "Discovery Material").  Discovery Material includes trade secrets and confidential, proprietary and non-public documents and information, the public disclosure of which could be detrimental to the interests of the Producing Party and/or related corporate entities; documents which may contain information that is personal and confidential to third parties, including individuals; and documents and information subject to a claim of privilege or immunity from discovery (including but not limited to attorney-client privilege, work product immunity, and immunities created by federal or state statute or regulation). The Parties agree that the above-described documents and information, including electronically stored information, should be given the protection of an order of this Court to prevent irreparable harm through disclosure to persons other than those persons involved in the prosecution or defense of this litigation.

2. All Discovery Material designated in the course of this litigation as "Confidential," as that term is defined in Paragraph 3, shall be used only for the purpose of preparation and trial

of this litigation, and any appeal therefrom, and shall not be used, directly or indirectly, for any other purpose whatsoever, and shall not be disclosed to any person, corporation, partnership, joint venture, association, joint-stock company, limited liability company, trust, unincorporated organization, governmental body or other entity (collectively "person") except in accordance with the terms hereof.

## Definitions

3. "Confidential" shall mean Discovery Material that the Producing Party has a good faith belief contains trade secrets or other confidential or proprietary documents or materials, including research, development, technical, and financial documents and materials. Such information shall only be disclosed to Qualified Persons as defined in Paragraphs 4(a) through (g), as defined below. "Confidential" shall not include any Discovery Material that the Receiving Party demonstrates:

(a) is in the public domain at the time of disclosure, including materials that on their face show they have been submitted to any governmental entity without a request for confidential treatment;

(b) becomes part of the public domain through no fault of the Receiving Party, as evidenced by a written document; or

(c) the Receiving Party lawfully receives at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

4. "Qualified Persons" as used herein, means:

(a) Named litigation counsel of record for the parties in this action and attorneys and staff working under the direct supervision of such counsel, including paralegal assistants, technical, stenographic and clerical employees ("counsel of record");

   (b) Any outside experts or consultants, or persons or firms employed to provide litigation support services relating to this litigation (including their support staffs, employees and associates) who are not parties to, employees of any party to, or affiliates of any party to, this litigation, provided that such experts, consultants, persons or firms have first read this Protective Order and have signed a copy of Exhibit A, thereby agreeing to abide by the terms of this Protective Order;

   (c) The parties and their principals, insurers (and employees of insurers), management and other personnel necessarily involved in assisting with the preparation and trial of this litigation;

   (d) Court personnel in the conduct of their official duties;

   (e) Any deposition witness, at the witness' deposition, provided that such witness has first read the Protective Order and has signed a copy of **Exhibit A**, thereby agreeing to abide by the terms of this Protective Order;

   (f) In the event a deposition witness refuses to sign the confidentiality agreement set forth in **Exhibit A**, the parties may continue with the deposition of said witness with the understanding that any confidential documents discussed during the course of the deposition will remain confidential, the witness will be prohibited from retaining any copies of said confidential documents and any such documents will not be a part of the deposition transcript provided to said witness for verification nor included in any transcript used in future proceedings unless provided the confidential protections as set forth herein.  Parties subject to this agreement will act in good faith and will not discourage deposition witnesses from signing **Exhibit A**.

  (g) Commercial copying services or litigation support services employed by the parties for the purposes of making copies of documents and deposition testimony, or transcribing or coding the same, for use in connection with this case; and

  (h) Any other person agreed to by the parties in writing who has signed a statement in the form attached as **Exhibit A** hereto.

## Designation as Confidential

5. The designation as Confidential for purposes of this Protective Order shall be made in the following manner by the Producing Party:

  (a) In the case of Discovery Material, by affixing the legend "Confidential – Subject to Protective Order" to each page containing Confidential information; and

  (b) In the case of depositions or other pretrial testimony ("Transcripts"), (i) by indicating on the record at the deposition or hearing that the testimony is Confidential and is subject to the provisions of this Order; or (ii) by notifying all parties in writing within thirty (30) days of receipt of the Transcript, of the specific pages and lines of the Transcript that should be treated as Confidential thereafter. Each party shall thereafter place a notice on the face of the Transcript, and each copy thereof in his possession, custody or control, identifying portions of the Transcript as Confidential. Any videos of the testimony in the transcripts shall be marked Confidential in accordance with this paragraph.

## Use and Maintenance of Confidential Discovery Material

6. Confidential Discovery Material may be used in the course of the trial of this action, in the taking of depositions and in hearings. To the extent that Confidential Discovery Material is used in the taking of depositions or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the Transcript pages dealing with the Confidential Discovery Material.

7.      The Receiving Party shall maintain all Confidential Discovery Material in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the Receiving Party with respect to its own proprietary information. Confidential Discovery Material shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this litigation. All such copies, reproductions, summaries and abstractions shall be subject to the terms of the Order, and labeled in the same manner as the designated material on which they are based.

**Challenges to Designations**

8.      At any time after the receipt of any Confidential Discovery Materials or Transcripts, counsel for a Receiving Party may challenge the designation by providing written notice of such challenge to counsel for the Producing Party. Said notice shall clearly identify the Discovery Material, Transcript, or portions thereof, that the challenging party claims should not be afforded Confidential treatment and the reasons supporting the challenging party's claim. If the parties are unable to agree as to whether the Confidential designation is appropriate within ten (10) days after receiving a confidential designation, counsel for the Producing Party shall have ten (10) days from the date counsel for the Receiving Party certifies to the Court that the parties cannot reach an agreement to move for a supplemental protective order with regard to any Discovery Material or Transcript in dispute. The party seeking a designation as Confidential shall have the burden of establishing that any Discovery Material or Transcript in dispute is entitled to protection from unrestricted disclosure. If the party seeking designation as Confidential does not seek protection of such disputed Discovery Material or Transcript by filing an appropriate motion with this Court within ten (10) days, then the disputed material shall no longer be subject to protection as provided in this Order. All Discovery Materials and Transcripts that a party designates as Confidential shall

be accorded the designated status pursuant to the terms of this Protective Order until and unless the parties formally agree in writing to the contrary or a determination is made by the Court as to the Confidential status.

### Filing Under Seal

9. Confidential Discovery Material may be used or submitted to the Court in connection with any filing or proceeding in this litigation; however, the party using or submitting such Confidential Discovery Material shall provide 7 days' notice to the party designating the materials as confidential prior to the party using or submitting any confidential materials to the court to allow for the designating party to request that the confidential materials be filed under seal with the Clerk of the Court and request handling of the Confidential Discovery Material in a manner consistent with the protection afforded by this Protective Order. All Confidential Discovery Material which is submitted to the Court shall be submitted or filed consistent with the Procedures for Filing Confidential Information and Documents Under Seal, or the rules of any other applicable Court. Motions, briefs or other submissions to the Court, which specifically quote or otherwise disclose the contents of Confidential Discovery Material shall be filed and submitted to the Court in accord with the provisions of this paragraph. Should the Court be unable to timely rule on a Motion to Seal Confidential Documents, the parties agree that the party seeking to file said documents shall withhold from filing said documents unless and until the Court renders its ruling on the Motion to Seal. Upon a ruling from the Court, the withheld documents shall be filed as a supplemental filing.

### Inadvertent Production and Disclosure

10. A Producing Party that inadvertently produces Discovery Material without designation as Confidential may retroactively designate the Discovery Material as Confidential by notifying the Receiving Party. Notification shall be in writing to the Receiving Party, identifying

the Discovery Material by bates numbers and date of production and by sending replacement documents with the appropriate designation to a Receiving Party. Notification shall be provided reasonably promptly after the Producing Party first realizes that the Discovery Material was produced without designation. The Discovery Material designated through the notification procedure set forth immediately above shall be deemed Confidential retroactively from the date of production. If, in the interim between production and notification, the subject materials have been provided to persons other than Qualified Persons, the Receiving Party shall reasonably promptly notify the Producing Party as to which materials have been disclosed, and comply with the provisions for inadvertent disclosure as set forth in Paragraph 11, below.

11. In the event of inadvertent disclosure of Confidential Discovery Material to a person that is not a Qualified Person, the party that inadvertently discloses such information shall promptly take all practical steps to retrieve the Confidential information and prevent its further disclosure. The party that inadvertently disclosed such information shall also promptly notify the party that designated the Confidential Discovery Materials of the inadvertent disclosure and the steps being taken to rectify the disclosure.

## Return of Discovery Material After Termination

12. After termination of this litigation, including any appeals, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have jurisdiction over the Parties and recipients of the Confidential Discovery Material and Transcripts for enforcement of the provisions of this Order following termination of this litigation.

13. Within sixty (60) days of the termination of this litigation, including the final determination of any appeal, all confidential materials, together with all reproductions, copies, or excerpts of those materials, shall be either returned to the Producing Party or destroyed.

**Duty to Comply with Protective Order**

14. Any party designating any person as a Qualified Person shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

15. Unless otherwise agreed to in writing by the parties or ordered by the Court, all proceedings involving or relating to documents or any other information shall be subject to the provisions of this Protective Order.

16. This Protective Order cannot be modified without the express written approval of all of the parties.

**General Advice and Disclosure by Counsel**

17. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course of doing so, from generally referring to or relying upon his or her examination of Confidential Discovery Material.

**SO ORDERED** on this the 2nd day of October, 2023.

_____
U.S. MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE STATE OF NEVADA

| | |
|---|---|
| BRENT ROERING and SHELLY ROERING, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>HARLEY-DAVIDSON, INC., a Delaware corporation; HARLEY-DAVIDSON, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR CO., INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY OPERATIONS, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY, INC., a Wisconsin corporation; HARLEY-DAVIDSON MOTOR COMPANY GROUP, LLC, a Wisconsin limited liability company; GLIDE-PRO, INC., a California corporation; SPIRIT AMERICA, INC. dba True-Track aka True-Track, Inc., a Wyoming corporation, and DOES 1-100,<br><br>　　　　　Defendants. | CASE NO.: 3:22-cv-00549-ART-CSD<br><br>**<u>EXHIBIT A</u>** |

_____, whose address is _____, county of _____, state of _____; that he or she has read and fully understands the attached Stipulated Protective Order entered by the Court in the above-captioned action; that he or she is fully familiar and agrees to comply with and be bound by the provisions of the Order and submits to the jurisdiction of this Court for any proceedings with respect to the Order; that he or she will not discuss with or divulge to persons, other than those specifically authorized by the Order, and will not copy or use, except solely for purposes of this action and for no other purposes, any information obtained pursuant to the Order, except as expressly permitted by the Court. He or she agrees to return any and all copies of Confidential Discovery Material and

Transcripts in his or her possession which were produced in this lawsuit to counsel for Plaintiffs or Co-Defendant within 15 days from the date of request by the Producing Party or its counsel or will certify that any such protected documents or materials have been destroyed.

Signed: _____ Dated: _____